# Supreme Court of the Navajo Nation

---

**Marie Pino, Petitioner,**

v.

**Judge Leroy S. Bedonie, Respondent.**
**Decided February 26, 1992**

---

## OPINION

Before BLUEHOUSE, Acting Chief Justice, and AUSTIN, Associate Justice.

Casey Watchman, Esq., Crownpoint, Navajo Nation (New Mexico), for the Petitioner.

Opinion delivered by BLUEHOUSE, Acting Chief Justice.

This is an original action for a writ of prohibition. The question is whether a trial court decision denying a motion for continuance may be challenged by a petition for extraordinary writ which addresses jurisdiction.

### I

The underlying action involves a charge of disorderly conduct which is pending in the Ramah District Court. On November 4, 1991, the defendant pleaded not guilty and demanded a jury trial. On December 13, 1991, Judge Irene Toledo was disqualified from the case, and Judge Leroy Bedonie assumed the case. On February 1, 1992, defense counsel received a notice of jury trial setting for February 20, 1992. Defense counsel claims that he previously advised the court clerk that he had a hearing scheduled in Crownpoint Family Court on February 20, 1992 and despite that information, the court clerk set the hearing in the Ramah District Court for that day. Defense counsel obviously cannot be in two places at once. On February 3, 1992, the defendant moved for a continuance. It was denied, and the defendant now seeks a writ of prohibition to prevent the jury trial from proceeding on February 20th in the Ramah District Court.

Our all writs statute, 7 N.T.C. § 303 (1985), gives the Navajo Nation Supreme Court jurisdiction "to prevent or remedy any act of any Court which is beyond such Court's jurisdiction, or to cause a Court to act where such Court unlawfully fails or refuses to act within its jurisdiction." The remedy for decisions which are not within a court's jurisdiction is the writ of prohibition, and the remedy for any failure to act within jurisdictional authority is a writ of mandamus.

One of the inherent powers of a trial court is to regulate proceedings, including trial settings. The grant or denial of a motion for continuance is within the

sound discretion of the trial judge, and we will review the denial of a motion for continuance only where there has been shown a clear abuse of that discretion. The record here does not show how Judge Bedonie abused his discretion in denying the motion for continuance, nor does the petition set out facts which would show any violation of due process under the Navajo Nation Bill of Rights. This Court will intervene in discretionary matters only where there is a denial of fundamental rights so that not to intervene would cause a grave injustice and result in an extra jurisdictional act. In other words, we will not intervene in procedural matters prior to trial unless petitioner can show that fundamental rights are being denied. Otherwise, litigants have a remedy by appeal.

In addition, the petitioner failed to provide the Court with a copy of the motion for continuance, as is required by Rule 26(a), Navajo Rules of Civil Appellate Procedure. The petitioner has also failed to attach a copy of the notice of hearing showing the prior setting in Crownpoint Family Court. If a party asserts that there has been an abuse of discretion, we must have before us what the trial judge had before him. Extraordinary writs are *de novo* proceedings which require a second look at what was before the trial judge.

The petition is DISMISSED.